## 53066. JOHNSON v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of the offense of possession of marijuana and sentenced to serve a term of three years in the penitentiary. He appeals, enumerating error as to the sufficiency of the evidence to support the verdict and that the court erred in refusing to grant his motion for mistrial when the assistant district attorney in the argument allegedly brought the defendant's character into issue, there being no evidence to support the same. *Held:*

1. The argument portion of the trial was not taken down by the court reporter but the defendant contends that the prosecuting attorney was arguing that "Mr. G. O. Johnson may not know the defendant but the defendant may very well have good reasons to know who he is and what he does as a vice squad officer." The court did state that this was substantially correct "that he said he may have good reason." The court denied the motion, contending the prosecuting attorney was arguing deduction and had not attacked the defendant's character. The court then instructed the jury that "you gentlemen will recall no inference was made whatsoever in that he attacked the character of this defendant. As I understand, he is merely arguing the possibilities of knowledge of identity of people . . . and you will consider it for that purpose only . . . the argument of Mr. Smith is only from the standpoint of the argument of possibility of knowledge of somebody and will not be considered by you as any indication of any bad character whatsoever on the part of this Defendant." G. O. Johnson was a witness in the case, but defendant fails to point out in the transcript what the testimony might have been that Johnson gave which may or may not have authorized the deductions

argued by the district attorney. The brief is incomplete, but it appears that the court properly handled the matter. We do not consider that the defendant's character has been put in issue by the argument, whatever it might have been other than the above. The defendant has failed to support his brief by a reference to the pages in the transcript where the evidence may be found and examined to test the so-called deductions made by the prosecuting attorney. See Rule 18 (c) (Code Ann. § 24-3618) as to structure and content. We find no error in this complaint.

2. The evidence shows that pursuant to a search warrant and as a result of said search, a quantity of marijuana was found in the attic portion of defendant's apartment located near a trap door in the ceiling of a closet in Apartment 4 where the defendant lived. There was other testimony that this area could possibly be reached from the other apartments. However, there was some testimony that the defendant combed or brushed some marijuana residue out of his hair and from his shoulders in the bathroom of the apartment. The witness also testified that there was some marijuana in the apartment, as well as the quantity found in the ceiling, due to residue but that it was not present at the trial. The finding of suspected marijuana, that is residue, within the closet, in the defendant's hair and on his shoulders, as well as several bags positively identified by laboratory experts found some three or four inches from the hole in the ceiling (trap door) over the closet in the defendant's apartment was sufficient to support the verdict.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted November 3, 1976 — Decided November 15, 1976.

*Elkins & Flournoy, Paul R. Gemmette, James A. Elkins, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, William D. Smith, Assistant District Attorney,* for appellee.